SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Garett R. Soliven, | No. CV-23-00369-PHX-DJH (DMF) |
| Petitioner, | **ORDER** |
| v. | |
| Ryan Thornell, et al., | |
| Respondents. | |

Petitioner Garett R. Soliven, who is confined in the Arizona State Prison Complex-Eyman, has filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and paid the filing fee. The Court will dismiss the Petition without prejudice.

**I.    Background**

Petitioner was convicted by a jury in Maricopa County Superior Court, case #CR 2015-002917, of three counts of sexual conduct with a minor, seven counts of sexual exploitation of a minor, and one count each of sexual abuse, child molestation, and furnishing obscene materials to a minor and was sentenced to a 34.5-year term of imprisonment. Petitioner's direct appeal was denied. *State v. Soliven*, No. 1 CA-CR 20-0128, 2021 WL 3929929, at *1 (Ariz. Ct. App. Sept. 2, 2021). Petitioner's petition for review of the denial of post-conviction relief by the trial court is pending before the Arizona Court of Appeals.[1] On June 13, 2023, the Arizona Court of Appeals ordered the Maricopa

---

[1]    *See*    http://apps.supremecourt.az.gov/aacc/appella/1CA/CR/CR230222.pdf;

County Superior Court Clerk to transmit the record on appeal.

## II.     Petition

In his Petition, Petitioner names Ryan Thornell as Respondent and the Arizona Attorney General as an additional Respondent.  Petitioner raises two grounds for relief.  In Ground One, he alleges that the trial court's denial of his motion to suppress violated his Fourth Amendment rights.  In Ground Two, he alleges that he was denied his constitutional right to a preliminary hearing.

## III.    Discussion

Before the court may grant habeas corpus relief to a state prisoner, the prisoner must exhaust remedies available in the state courts.  28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  An Arizona petitioner sentenced to less than the death penalty may exhaust his federal claims by presenting them in a procedurally proper way to the Arizona Court of Appeals on direct appeal and/or in post-conviction proceedings, without seeking discretionary review in the Arizona Supreme Court.  *Crowell v. Knowles*, 483 F. Supp. 2d 925, 928-30, 933 (D. Ariz. 2007) (following 1989 statutory amendment, Arizona Court of Appeals has jurisdiction over criminal convictions involving less than a death sentence); *cf. Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999) (citing pre-1989 statute).  To exhaust a claim, a petitioner must describe "both the operative facts and the federal legal theory on which his claim is based so that the state courts [could] have a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim."  *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (quoting *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003), *overruled in part on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007)).  The failure to exhaust subjects the Petition to dismissal.  *See Gutierrez v. Griggs*, 695 F.2d 1195, 1197 (9th Cir. 1983).

If a prisoner has a direct appeal or initial petition for post-conviction relief pending in state court, the federal exhaustion requirement is not satisfied.  *See Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983) (pending appeal); *Schnepp v. Oregon*, 333 F.2d 288, 288

---

**https://perma.cc/3KLR-NVG8** (last accessed June 23, 2023).

(9th Cir. 1964) (pending post-conviction proceeding); *see also Henderson v. Johnson*, 710 F.3d 872, 874 (9th Cir. 2013) ("*Sherwood* stands for the proposition that a district court may not adjudicate a federal habeas petition while a petitioner's direct state appeal is pending"). The prisoner must await the outcome of the pending state-court challenge before proceeding in federal court, "even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts." *Sherwood*, 716 F.3d at 634. The pending state-court proceeding could affect the conviction or sentence and, therefore, could ultimately affect or moot these proceedings. *Id.*

In light of Petitioner's pending post-conviction proceedings, the Petition is premature and must be dismissed. *See id.*; *Schnepp*. The Court will dismiss the case without prejudice.

**IT IS ORDERED:**

(1)     Petitioner's Petition for Habeas Corpus (Doc. 1) and this case are **dismissed without prejudice**.

(2)     The Clerk of Court must enter judgment accordingly and close this case.

(3)     Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 27th day of June, 2023.

_____
Honorable Diane J. Humetewa
United States District Judge